UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

ANDREA PRIDE,

        Debtor(s).
_____/

Case No.: 15-40850
Chapter 13
Hon. Walter Shapero

**OPINION IN CONNECTION WITH MOTION TO COMPEL
TRUSTEE TO RECOUP ESCROWED ATTORNEY FUNDS WRONGFULLY
DISBURSED TO CREDITORS ("MOTION")**

      The Chapter 13 plan in this case was filed on February 16, 2015, and pursuant to her normal practise, the Trustee then placed a $3,000.00 hold for attorney fees. On February 15, 2016, Debtor's attorney filled an <u>Interim</u> Application for Compensation ("Interim Application") seeking fees of $6,556.23, for services rendered between January 21, 2015, and February 2, 2016. In an order memo to the attorney dated March 12, 2016, the Court indicated its unwillingness to grant interim fees in situations were it appeared reasonably likely the case would shortly proceed to confirmation and indicated the Court would be entering an order denying the Interim Application, without prejudice, unless that applicant wanted a hearing on the Interim Application. No such hearing was asked for, but no formal order was entered in relation to the Interim Application which Debtor's attorney did not further pursue. Confirmation was set for May 9, 2016. On that day, confirmation was granted and an order of confirmation was entered on May 13, 2016, the docket entry reflecting such also stating that Debtor's attorney fees and costs were to be awarded by application.

1

On Friday, June 3, 2016, the Debtor's attorney filed a notice of withdrawal of the previously filed Interim Application and on Monday, June 6, 2016, filed an application for attorney fees in the amount of $8,500.00, plus expenses. While that application was entitled as one for "Interim Award and Approval of Payment of Pre-Confirmation Attorney fees, in fact it was for fees for the period between January 21, 2015, and May 4, 2016. However, apparently based on the June 3rd indicated withdrawal of the prior Interim Application, the Trustee proceeded to make disbursements of all available funds to entitled creditors under the plan including a disbursement of $5,866.79, to one particular creditor. On July 5, 2016, pursuant to the June 6, 2016 unopposed fee application the Court entered an Order approving that Application for fees in the amount of $8,500.00 plus expenses. At that point, the Trustee apparently had no funds on hand to pay those amounts. Thereafter (on August 7, 2016), Debtor's attorney filed the instant motion asking the Court to find that the Trustee wrongfully disbursed the indicated funds to creditors, and that in doing so the Trustee violated the provisions of the Plan and, further, that the attorney is entitled to the amount of funds that the Trustee wrongfully disbursed (to apply on the allowed fees), and the Trustee should be ordered to recoup said funds from the creditor distributee(s) to enable payment of the fees.

Par. III, B., of the Confirmed Plan, relating to Administrative Claims, including attorney fees and costs, says that at confirmation of the Plan, counsel shall elect to either accept $3,500.00 in fees, or, request an award of fees by separate application, and, if counsel makes the latter election, the Trustee shall escrow $3,000.00 for such purpose. It then also makes reference to Par. B of the Additional Terms and Conditions and Provisions for additional information. The latter, which relates to Allowance and Payment of Pre-confirmation Attorney Fees, says that if Class 2.1 of the Plan indicates that Counsel intends to file a Separate Application for compensation for services

2

rendered up through the date of entry of the Order Confirming the Plan, the Trustee shall withhold the amount designated in Class 2.1 from funds remaining after payment of claims required to be paid prior to attorney fees pending further order of the Court.

The Order Confirming the Plan, entered May 13, 2016, specifically approved by the Trustee, states in relevant part:

> **IT IS FURTHER ORDERED** that the claim of Shirley L. Horn, attorney for the Debtor(s) for the allowance of compensation and reimbursement of expenses, is to be made by fee application of which the Attorney has received $0.00, and shall be paid by the Trustee as an administrative expense of this case.

The indicated provisions of the Plan itself and the Confirmation Order thus make the following quite clear: (1) Debtor's attorney timely opted to obtain fees by application; (2) by reason of having done so, the Trustee was obligated, incident to confirmation, to escrow $3,000.00 for that purpose pending further order of the Court; (3) there was a further order of the Court on July 5, 2016 (albeit entered after the Trustee had paid funds on hand to creditors[1]) allowing the attorney fees pursuant to an unopposed application for same.

The foregoing requires a conclusion that unfortunately the Trustee was in error in not initially retaining $3,000.00 of what was then on hand for application to any thereafter allowed fees. The problem here was the failure of the Trustee and her payment system to fully appreciate and realize that the fee application that was withdrawn was merely, and only, the previously filed Interim Application for services for a period ending some three months prior to the scheduled confirmation. The withdrawal or even specific denial of an <u>interim</u> fee application under the facts in this case

---

[1] The Court presumes in the absence of evidence to the contrary, that those initial payouts were not in payment of claims required to be paid prior to attorney fees.

cannot be reasonably seen or considered as such a binding statement or indication the applicant will not thereafter be filing the normal post confirmation fee application for services up to confirmation, or a waiver of the right to do as would justify the Trustee not effectuating an otherwise required holdback for fees. This is particularly so in light of the indicated plan provisions and the words of the confirmation order which clearly indicate otherwise, and, in fact specifically contemplate the post confirmation filing of an application for all pre-confirmation services.

The foregoing said, however, there does not appear to be legal authority for ordering the Trustee to correct her mistake by recouping from a Distributee Creditor what may have been prematurely or mistakenly paid out on allowed claims. The practicality of recoupment obviously presents problems. In any event the Court concludes it would be inappropriate for the Court to order such. It is to be noted that the plan provision requiring the Trustee to escrow $3,000.00, presumably meant that any amounts on hand (of which there was some) over and above the $3,000.00 or paid in later could then be paid to other classes of creditors up to the point that a fee application in excess of that escrowed amount was approved. Despite alleged Debtor payment default, this is still an ongoing open Chapter 13 case which requires the Debtor to make plan payments and it is possible further funds will be paid in under the plan from which the allowed fee application could be primarily satisfied before any further distributions to creditors. The situation now, however, is that the Trustee did make a mistake which needs to and can be addressed out of the Trustee's own funds, or out of funds paid or to be paid in under the Plan or a combination of the two, or in some other appropriate

way. There will be a hearing on **September 28, 2016, at 10:00 a.m.**, to settle the specific terms of an appropriate order.

**Signed on September 23, 2016**

                                                  **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**